## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES TABOR,

     Petitioner,

v.                                                                 No. 25-cv-0182-SMD-DLM

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, *et al*,

     Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner James Tabor's 28 U.S.C. § 2254 Habeas Petition. Doc. 2 ("Petition"). Tabor challenges his 2007 state criminal convictions based on alleged instructional error and double jeopardy violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Tabor to show cause why his Petition should not be dismissed for failure to file within the one-year limitation period.

### BACKGROUND

In 2007, a state jury convicted Tabor of three counts of criminal sexual penetration of a child under age 12. Petition at 1. The state trial court sentenced him to 36 years imprisonment. *Id.* at 1. Judgment was entered on December 27, 2007. Judgment in D-504-CR-2006-288.[1] Tabor filed a direct appeal, and the New Mexico Court of Appeals ("NMCA") affirmed. *See State v. Tabor,* 2011 WL 2041827 at *5 (N.M. App. Mar. 24, 2011). The New Mexico Supreme Court

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Tabor's state court criminal dockets. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (federal habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed").

("NMSC") denied certiorari relief on May 17, 2011.   Order in S-1-SC-32967.   Tabor did not seek federal review with the United States Supreme Court, and the criminal judgment became final on August 16, 2011 (*i.e.,* after expiration of the 90-day federal certiorari period).   *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (a state criminal judgment is considered final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition … has passed").

About four years later on August 24, 2015, Tabor filed a state habeas petition.   Docket Sheet in D-504-CR-2006-288.   The state trial court denied relief on April 29, 2019.   *Id*.   Tabor filed a habeas appeal, and the NMSC denied his certiorari petition.   Order in S-1-SC-37699.   The state trial court also declined to reconsider its habeas ruling on August 29, 2019.   Docket Sheet in D-504-CR-2006-288.   Tabor filed his next state post-judgment motion on July 6, 2021 and continued litigating in that court until February of 2025.   *Id*.

Tabor filed the instant 28 U.S.C. § 2254 proceeding on February 21, 2025.   He argues multiple convictions for criminal sexual penetration violate jeopardy principles and that the state court erred in instructing the jury.   Petition at 5, 7.   Tabor filed a Motion to Proceed *In Forma Pauperis* (Doc. 4), which reflects he cannot prepay the habeas filing fee.   The Court will grant that motion and review the matter under Habeas Corpus Rule 4.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 petitions.   "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition."   Habeas Corpus Rule 4(b).   "If the petition is not dismissed, the judge must order the [Attorney General] to file an answer."   *Id.*   As part of

the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the state criminal judgment becomes final.  *See* 28 U.S.C. § 2244(d)(1)(A).  A judgment becomes final "by the conclusion of direct review [*i.e.,* direct appeal] or the expiration of the time for seeking such review."  *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (quotation omitted).  The one-year limitation period can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the United States Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the federal claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Tabor's criminal judgment became final - and the limitation period began to run - no later than August 16, 2011, after the conclusion of his direct appeal.  *See Locke*, 237 F.3d at 1271-1273. The state docket reflects there was no activity during the next year.  Docket Sheet in D-504-CR-2006-288.  It appears the one-year limitation period expired on August 16, 2012.  Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired

limitations period.   *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period.");

*Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("petitions cannot be tolled for time spent in state post-conviction proceedings" where petitioner's state "applications for post-conviction relief were not filed until after ... the end of the [federal] limitations period").[2]

For these reasons, Tabor must file a response within 30 days showing cause, if any, why the Petition should not be dismissed as time-barred.   The failure to timely respond and overcome the time-bar may result in dismissal with prejudice.

**IT IS ORDERED** that within 30 days of entry of this Order, Tabor must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 4**) is **GRANTED**.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

---

[2] The Supreme Court has created one exception to this general rule.   *Jimenez v. Quarterman* holds a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period" since it effectively "restore[s] the pendency of the direct appeal."   555 U.S. 113, 120-21 (2009).   The *Jimenez* exception is inapplicable here because Tabor never obtained state habeas relief, and his direct appeal period was never reopened.