**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES TABOR,

Petitioner,

v. No. 25-cv-0182-SMD-DLM

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, *et al*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner James Tabor's 28 U.S.C. § 2254 Habeas Petition. Doc. 2 ("Petition"). Tabor challenges his 2007 state criminal convictions based on alleged instructional error and double jeopardy violations. The Court previously directed him to show cause why his § 2254 Petition should not be dismissed for failure to file within the one-year limitation period. Having reviewed his response and applicable law, the Court must dismiss the Petition.

**BACKGROUND**

In 2007, a state jury convicted Tabor of three counts of criminal sexual penetration of a child under age 12. Petition at 1. The state trial court sentenced him to 36 years imprisonment. *Id.* at 1. Judgment was entered on December 27, 2007. Judgment in D-504-CR-2006-288.[1] Tabor filed a direct appeal, and the New Mexico Court of Appeals ("NMCA") affirmed. *See State*

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Tabor's state court criminal dockets. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (federal habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed").

*v. Tabor,* 2011 WL 2041827 at *5 (N.M. App. Mar. 24, 2011). The New Mexico Supreme Court ("NMSC") denied certiorari relief on May 17, 2011. Order in S-1-SC-32967. Tabor did not seek federal review with the United States Supreme Court, and the criminal judgment became final on August 16, 2011 (*i.e.,* after expiration of the 90-day federal certiorari period). *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (a state criminal judgment is considered final "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the [90-day] time for filing a petition … has passed").

About four years later on August 24, 2015, Tabor filed a state habeas petition. Docket Sheet in D-504-CR-2006-288. The state trial court denied relief on April 29, 2019. *Id*. Tabor filed a habeas appeal, and the NMSC denied his certiorari petition. Order in S-1-SC-37699. The state trial court also declined to reconsider its habeas ruling on August 29, 2019. Docket Sheet in D-504-CR-2006-288. Tabor filed his next state post-judgment motion on July 6, 2021 and continued litigating in state court until 2025. *Id*.

Tabor filed the instant 28 U.S.C. § 2254 Petition on February 21, 2025. He argues his convictions violate jeopardy principles and that the state trial court erred in instructing the jury. Petition at 5, 7. By a ruling entered May 11, 2026, the Court screened the Petition under Habeas Corpus Rule 4 and determined the claims are plainly time-barred. Doc. 6 ("Screening Ruling"). Petitioner filed a show-cause Response (Doc. 7), and the matter is ready for review.

**DISCUSSION**

Habeas Corpus Rule 4 requires a *sua sponte* review of 28 U.S.C. § 2254 petitions. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the

petition is not dismissed, the judge must order the [Attorney General] to file an answer." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a ... habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the state criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review [*i.e.,* direct appeal] or the expiration of the time for seeking such review." *Locke*, 237 F.3d at 1272. The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the United States Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the federal claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Tabor's criminal judgment became final - and the limitation period began to run - no later than August 16, 2011, after the conclusion of his direct appeal. *See Locke*, 237 F.3d at 1271-1273. The state docket reflects there was no activity during the next year. Docket Sheet in D-504-CR-2006-288. The one-year limitation period therefore expired on August 16, 2012. Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state

court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("petitions cannot be tolled for time spent in state post-conviction proceedings" where petitioner's state "applications for post-conviction relief were not filed until after ... the end of the [federal] limitations period").[2] Absent tolling, the Petition filed in 2025 is time-barred by over 12 years.

The Court explained the above principles in its Screening Ruling, which sets out the date of each state court filing along with the standards for statutory and equitable tolling. Construed liberally, Tabor's Response seeks equitable tolling, statutory tolling, and tolling based on the "miscarriage of justice" exception. The Court will address each argument below.

**A. Equitable Tolling**

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented a timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The inmate must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. 2022)

[2] The Supreme Court has created one exception to this general rule. *Jimenez v. Quarterman* holds a state habeas order granting an out-of-time appeal can "reset [the] 1-year limitations period" since it effectively "restore[s] the pendency of the direct appeal." 555 U.S. 113, 120-21 (2009). The *Jimenez* exception is inapplicable here because Tabor never obtained state habeas relief, and his direct appeal period was never reopened.

(noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original). The inmate must provide specificity regarding both prongs of the test. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

*(i) Extraordinary Circumstances*

Tabor argues he did not file a federal § 2254 petition between 2011 and 2025 because: (1) he lacked access to legal materials and counsel; (2) he experienced transfers and lockdowns; and (3) he lacked confidence and was emotionally drained following his inability to obtain relief in state court. Petition at 13; Response at 1-2.

The Tenth Circuit has consistently declined to find extraordinary circumstances based on general references to lockdowns, prison transfers, and a lack of access to legal materials. *See Phares v. Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown ... does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition."); *United States v. Orecchio*, 2022 WL 2062440, at *3 (10th Cir. June 8, 2022) ("the lack of a [law] library" alone "does not rise to the level of an exceptional and extraordinary circumstance."); *United States v. Daniels*, 2023 WL 6629756, at *2 (10th Cir. Oct. 12, 2023) ( "lack of access to case law … is not an extraordinary circumstance"); *Miller v. Marr*, 141 F.3d at 978 (tolling did not apply based on prison transfer where transfer did not appear to impact petitioner's ability to timely file a petition).

To establish an extraordinary circumstance, "the inmate ... must go one step further and demonstrate that the alleged shortcomings in the library" or lockdowns/transfers "hindered his efforts to pursue a legal claim." *United States v. Oakes*, 445 Fed. App'x 88, 94 (10th Cir. 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). The Response fails to allege facts showing

any lockdowns, transfers, or lack of case law actually "prevented [Tabor] … from timely moving for relief" under 28 U.S.C. § 2254. *United States v. Tinsman*, 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022). Equitable tolling is therefore not available based on those circumstances.

The Response also fails to establish extraordinary circumstances based on Tabor's lack of confidence or legal counsel. It is well established that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (addressing § 2254 petitions). *See also United States v. Tinsman,* 2022 WL 3208346, at *4 (10th Cir. Aug. 9, 2022) (rejecting equitable tolling argument based on "prisoner's inability to meet with another inmate who could help him prepare his legal documents"); *Rojas-Marceleno v. Kansas*, 765 Fed. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); *Kennemore v. Anderson*, 2024 WL 3984693, at *3 (E.D. Mo. Aug. 29, 2024) (rejecting argument that petitioner was "overwhelmed" where "there [was] nothing to suggest it was impossible for him to file a [§ 2254] petition in time"). For these reasons, Tabor has not satisfied the first prong of the equitable tolling test.

*(ii) Due Diligence*

Alternatively, even if Tabor could establish extraordinary circumstances, the Response does not show due diligence. The Response focuses on each circumstance that allegedly hindered his ability to timely file a § 2254 petition. It fails to describe what particular steps (if any) Tabor took to pursue his § 2254 claims during the one-year limitation period, *i.e.,* between August 16, 2011 and August 16, 2012. *See Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("what a petitioner did both before and after the extraordinary circumstances … may indicate whether he

was diligent overall"); *Williamson v. Wyoming Dep't of Corr. Wyoming State Penitentiary Warden*, 2025 WL 209880, at *7 (10th Cir. 2025) (finding no due diligence where petitioner "does not cite, and we have not found, any allegation in his petition regarding actions he took to pursue his" federal rights). Tabor also failed to pursue his claim for at least 12 years after the limitation period expired. Accordingly, equitable tolling does not apply in this case.

**B. Statutory Tolling**

The Response also cites 28 U.S.C. § 2244(d)(1)(D), which addresses the belated discovery of facts. Under certain circumstances, the limitation period runs from "the date on which the factual predicate of the [federal habeas] claim … could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "Due diligence" is an "objective standard that refers to when a plaintiff could have discovered the pertinent facts, not when [he or] she actually discovered them." *Madrid v. Wilson*, 590 Fed. App'x 773, 776 (10th Cir. 2014) (quotations omitted).

The Response does not identify any new facts or specify when any discovery occurred. The Court therefore cannot calculate an alternative statute of limitations under § 2244(d)(1)(D). It is also unclear why the factual predicate of the claim could not have been discovered for over 12 years. Tabor raises claims for double jeopardy violations based on the charging documents and instructional error. Petition at 5, 7. The charging documents, criminal judgment, and jury instructions would have been available no later than 2007 or 2008, when Tabor was tried and sentenced. *See Mitchell v. Mullin*, 388 Fed. App'x 811, 813 (10th Cir. 2010) (Section 2244(d)(1)(D) did not apply where the petitioner failed to explain the delay in inquiring about alleged exculpatory evidence, which could have been discovered with "minimal effort"); *Brown v.*

*Parker*, 348 Fed. App'x 405, 409 (10th Cir. 2009) (rejecting tolling argument under § 2244(d)(1)(D) where petitioner could have requested information to uncover the factual predicate for his claims). It appears Tabor did not discover the legal significance of these documents or formulate the basis for his claims until later, but such circumstances do not warrant statutory tolling under § 2244(d)(1)(D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (Section 2244(d)(1)(D) does not apply when petitioner could have discovered the facts, even if he was later alerted to a new legal basis for the claim).

**C. Miscarriage of Justice Exception**

Tabor finally asks the Court "to waive the [statute of limitations] rule and avoid the injustice done in [his] case." Response at 2. Tabor appears to invoke the fundamental miscarriage of justice exception, which is also known as the actual innocence exception. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("the fundamental miscarriage of justice exception is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons."); *McQuiggin v. Perkins*, 569 U.S. 383, 394-395 (2013) ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows" innocence).

The exception, "if proved, serves as a gateway through which a petitioner may pass" if his habeas petition would otherwise be barred by the "expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386. The "exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Burke v. Bigelow*,

792 Fed. App'x 562, 565 (10th Cir. 2019) (quotations omitted). The "new reliable evidence" must be similar to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (quotations omitted).

Tabor does not point to any evidence of innocence, nor does he explicitly deny his guilt. At most, the Petition raises claims challenging the legal sufficiency of his convictions. Such information does not demonstrate that enforcing the time-bar would result in a miscarriage of justice. *See Williams v. Tinsley,* 2026 WL 3084179, at *3 (10th Cir. 2026) (exception does not apply "where [petitioner] does not present new reliable evidence" and instead relies on "vague and conclusory assertions"); *Whitehead v. U.S.*, 2026 WL 3016921, at *3 (10th Cir. Oct. 7, 2026) (rejecting exception where petitioner "did not disclose any … allegedly new evidence"); *Winston v. Martin*, 608 Fed. App'x 689, 689 (10th Cir. 2015) ("actual innocence means factual innocence, not mere legal insufficiency"). This is particularly true here, where the State presented DNA evidence at trial along with testimony from the victim, a sexual assault nurse examiner (SANE), and a doctor who treated injuries to the child's rectum. *See State v. Tabor,* 2011 WL 2041827, at *1 (N.M. Ct. App. Mar. 24, 2011). The Response therefore fails to establish a gateway claim.

**D. Conclusion & Certificate of Appealability**

In sum, Tabor's Petition and show-cause Response fail to show an entitlement to tolling. The one-year limitation period expired no later than August 16, 2012, and the § 2254 Petition filed on February 21, 2025 is time-barred by over 12 years. The Court will dismiss the Petition (Doc. 1) with prejudice. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11. For all of the reasons above, the time-bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the

district court's assessment … debatable or wrong").

**IT IS ORDERED** that Petitioner James Tabor's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 2**) is **DISMISSED** with prejudice as time-barred; a certificate of appealability is **DENIED**; and the Court will enter a judgment closing the civil habeas case.

HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE